UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD GLENN ROGERS,

        Petitioner,

        v.

WARDEN RANDALL HAAS,

        Respondent.
_____/

Case No. 14-10409

HON. TERRENCE G. BERG
HON. R. STEVEN WHALEN

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSAL OF THE HABEAS PETITION (Dkt. 8),
DENYING PETITIONER'S COUNTER MOTION
FOR SUMMARY JUDGMENT (Dkt. 13),
DISMISSING THE HABEAS PETITIONS WITH PREJUDICE,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Harold Glenn Rogers, *pro se*, has petitioned the Court under 28 U.S.C. § 2254 for a writ of habeas corpus. The matter is now before the Court on Respondent Randall Haas's Motion for Summary Judgment and Dismissal of the Habeas Petition and Petitioner's Counter Motion for Summary Judgment. Petitioner is attempting to challenge his 1984 conviction for first-degree murder on grounds that his trial and appellate attorneys were ineffective. Respondent Randall Haas maintains that the habeas petition is barred by the one-year statute of limitations. Petitioner counters that Respondent's motion is not a proper response to his habeas petition.

As stated further below, the habeas petition is clearly time-barred, and

Respondent's motion was a proper response to the habeas petition. Therefore, Respondent's Motion for Summary Judgment and Dismissal of the Habeas Petition (Dkt. 8) is **GRANTED**, Petitioner's Counter Motion for Summary Judgment (Dkt. 13) is **DENIED**, and the two habeas petitions (Dkt. 1 and Dkt. 11) are **DISMISSED**.

## I. BACKGROUND

Petitioner was charged in Wayne County, Michigan with one count of first-degree (premeditated) murder. The charge arose from allegations that Petitioner intentionally stabbed the victim to death. Petitioner's defense was that he acted in self defense. Following a jury trial in the former Recorder's Court for the city of Detroit, Petitioner was found guilty, as charged, of first-degree murder, Mich. Comp. Laws § 750.316. On March 28, 1984, the trial court sentenced Petitioner to mandatory life imprisonment without the possibility of parole.

On appeal from his conviction, Petitioner argued that: (1) the trial court erred by allowing the prosecution to present testimony from two *res gestae* witnesses that were not endorsed; (2) the prosecutor's failure to exercise due diligence in locating and endorsing the two *res gestae* witnesses precluded Petitioner from engaging in meaningful plea negotiations; and (3) the trial court's failure to instruct the jury on voluntary manslaughter was reversible error. The Michigan Court of Appeals rejected these claims and affirmed Petitioner's conviction. *See People v. Rogers*, No. 79569 (Mich. Ct. App. Sept. 18, 1985). The Michigan Supreme Court denied leave to appeal because it was not persuaded to

review the issues. *See People v. Rogers*, No. 77735 (Mich. Sup. Ct. Apr. 28, 1986).

Petitioner made no further attempts to challenge his conviction until April 28, 2008, when he submitted a motion for relief from judgment to the state trial court. He alleged in his motion that (1) his trial attorney was ineffective for raising a defense of self defense and for not defending the case on the ground that the crime was voluntary manslaughter and (2) appellate counsel was ineffective for not raising a claim about trial counsel. The trial court stated in a written decision that trial counsel was not ineffective and that Petitioner was not prejudiced by appellate counsel's decisions. The trial court then denied the motion on the basis that Petitioner had not shown "good cause" for failing to raise his claims on direct appeal and "actual prejudice." *See* Op. and Order Den. Def.'s Mot. for Relief from J., No. 83-05502 (3d Jud. Cir. Ct., June 19, 2008).

Petitioner apparently did not receive the trial court's order denying his motion. Consequently, he filed a similar motion for relief from judgment in January of 2009. The trial court denied the motion on the basis that Petitioner was prohibited from filing a second motion for relief from judgment in the absence of a retroactive change in the law or a claim of new evidence. *See* Op. and Order Den. Def.'s Second Mot. for Relief from J., No. 83-05502 (3d Jud. Cir. Ct., May 19, 2009).

Petitioner appealed the trial court's decisions without success. The Michigan Court of Appeals dismissed his application as untimely, *see People v. Rogers*, No. 306248 (Mich. Ct. App. Dec. 28, 2011), and the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v.*

*Rogers*, 493 Mich. 868; 821 N.W.2d 561 (2012). Petitioner moved for reconsideration, but on January 25, 2013, the Michigan Supreme Court denied his motion. *See People v. Rogers*, 493 Mich. 931; 825 N.W.2d 81 (2013).

On January 22, 2014, Petitioner signed and dated his habeas corpus petition, and on January 27, 2014, the Clerk of the Court filed the petition.[1] Petitioner's grounds for relief are: (1) trial counsel was ineffective was relying on a theory of self defense and for not requesting a jury instruction on voluntary manslaughter; (2) appellate counsel was ineffective for not raising a claim about trial counsel's ineffectiveness; and (3) appellate counsel was ineffective for failing to file a timely appeal of right.[2]

Respondent asserts in a motion for summary judgment that Petitioner's claims are untimely and thus barred from substantive review. Petitioner argues in a counter motion for summary judgment that Respondent waived his statute-of-

---

[1] "Under the prison mailbox rule, a *habeas* petition is considered filed when the prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir.) (citing *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)), *cert. denied sub nom Keeling v. Brunsman*, 133 S. Ct. 141 (2012). "Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). The Court therefore deems Petitioner's pleading as filed on January 22, 2014.

[2] Although Petitioner did not exhaust state remedies for his third claim, as required by 28 U.S.C. § 2254(b)(1), the exhaustion rule is not jurisdictional, *Castille v. Peoples*, 489 U.S. 346, 349 (1989), and, for reasons given below, the claim is barred by the statute of limitations. The Court therefore excuses Petitioner's failure to exhaust state remedies for all his claims.

4

limitations defense by failing to timely address the merits of the habeas claims and by not supporting his motion with an affidavit.

## II. ANALYSIS

### A. AEDPA'S One-Year Period of Limitation

The Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Respondent's motion for summary judgment is based on the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEPDA governs this case because Petitioner filed his petition after AEDPA was enacted on April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997); *Muniz v. Smith*, 647 F.3d 619, 622 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1575 (2012).

AEDPA established a one-year period of limitation for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi,* 131 S. Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)). The period of limitation ordinarily runs from the latest of four specified dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner's conviction became final at the conclusion of his direct appeal in 1986. Because AEDPA's statute of limitation was enacted a decade later on April 24, 1996, Petitioner was entitled to a one-year grace period (from April 24, 1996, when AEDPA was enacted, through April 23, 1997) to file his habeas petition. *Stokes v. Williams*, 475 F.3d 732, 733-34 (6th Cir. 2007). Petitioner did not file his habeas petition until 2014.

The limitations "period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.' " *Kholi*, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)). Petitioner, however, filed his motion for relief from judgment in 2008. The motion and subsequent appeals from the trial court's decision did not revive the limitations period or re-start the clock at zero, *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)), because the one-year statute of limitations had already run. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002). The tolling provision of § 2244(d)(2) "can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of

limitations." *Rashid*, 991 F. Supp. at 259. Petitioner's habeas petition, therefore, is time-barred, absent an applicable exception to the limitations period.

### B. Exceptions to AEDPA's Limitations Period

#### 1. Equitable Tolling

AEDPA's statutory limitation period is not a strict jurisdictional rule; rather, it "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But the Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland's* two-part test for determining whether a habeas petitioner is entitled to equitable tolling), *cert. denied sub nom Hall v. Brunsman*, 133 S. Ct. 187 (2012).

Petitioner alleges in a supplemental petition for the writ of habeas corpus (Dkt. 11) that, due to his limited education and his former inability to read, he was unable to help himself. He claims that he had to learn how to read and then educate himself on the law before he could file his habeas petition. He also claims that he has been unable to retain counsel or a prison legal writer to assist him.

Petitioner's "'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Ata v. Scutt*, 662 F.3d 736, 743 n. 7 (6th Cir. 2011) (quoting *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335

7

(6th Cir. 1991)).  In fact, "an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).  A petitioner's lack of representation during the applicable filing period also does not merit equitable tolling.  *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Furthermore, Petitioner admits that he received his GED in 2000 and then began to learn the law.  Therefore, even if the statute of limitations did not begin to run until 2000 when Petitioner presumably knew how to read, he waited another fourteen years or more to file his habeas petition.

Petitioner has failed to show that he was diligent in pursuing his rights.  He also has failed to show that some extraordinary circumstance stood in his way of filing a timely habeas petition.  As a result, Petitioner is not entitled to equitable tolling of the limitations period.

### 2. Actual Innocence

The Supreme Court recently held that actual innocence, if proved, may itself serve as a legal basis that would allow consideration of a habeas petitioner's constitutional claims despite the expiration of the statute of limitations.  See *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).  However, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Petitioner has not produced any new evidence of actual innocence, and he does not deny killing the victim. He merely implies that he should have been convicted of voluntary manslaughter rather than first-degree murder. Therefore, a claim of actual innocence is unavailable, and AEDPA's limitations period applies. *See McQuiggin*, 133 S. Ct. at 1933 (stating that "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made").

To summarize, AEDPA was enacted in 1996. The deadline for filing a habeas petition was April 24, 1997. Petitioner filed his petition in 2014. Further, Petitioner is not entitled to equitable tolling of the limitations period, and he has not made a credible showing of actual innocence. Consequently, the habeas petition is untimely, and substantive review of the habeas claims is barred.

## C. Claim Three

In habeas claim three, Petitioner alleges that his appellate attorney was ineffective for failing to file a timely claim of appeal. Petitioner further alleges that he only recently discovered that his appellate attorney filed an untimely claim of appeal.[3]

Under 28 U.S.C. § 2244(d)(1)(D), the limitation period can begin to run on the date when "the factual predicate of the claim or claims presented could have been

---

[3] Exhibits to the petition indicate that, in a letter dated December 1, 2013, Petitioner asked the Michigan Court of Appeals why the initial entry on the state appellate court's docket was an application for leave to appeal and not a claim of appeal. In response, a court clerk informed Petitioner by letter on January 8, 2014, that his attorney filed a claim of appeal on July 23, 1984, but the Court of Appeals treated the claim of appeal as an application for delayed appeal.

discovered through the exercise of due diligence." In this case, however, the Michigan Court of Appeals informed Petitioner's appellate attorney on September 6, 1984, that his claim of appeal was untimely and that the Court of Appeals was treating the claim of appeal as a delayed application for leave to appeal. In the same order, the Court of Appeals fined the attorney $100.00 for his negligence in failing to file a timely claim of appeal. *See People v. Rogers*, No. 79569 (Mich. Ct. App. Sept. 6, 1984). On January 11, 1985, the Court of Appeals denied the attorney's motion for rehearing. *See People v. Rogers*, No. 79569 (Mich. Ct. App. Jan. 11, 1985). These orders are part of the state-court record. The state appellate court's docket, moreover, indicates that a delayed application for leave to appeal (as opposed to a claim of appeal) was filed on July 23, 1984.

Petitioner may have been unaware of the untimely claim of appeal at the time due to his illiteracy, but he claims that he could read by the year 2000. If he had exercised due diligence, Petitioner could have discovered the untimely claim of appeal when he became literate around the year 2000. He did not file his motion for relief from judgment until 2008, and he did not file his habeas petition until 2014. Thus, claim three is time-barred even if the limitations period started running when Petitioner became literate and could have discovered the factual basis for his claim.

### D. Petitioner's Counter Motion for Summary Judgment

In his counter motion for summary judgment, Petitioner alleges that Respondent waived his right to assert the statute of limitations by filing a defective

motion. Petitioner claims that Respondent should have addressed the substantive merits of his habeas claims and supported his motion with an affidavit.

On February 14, 2014, the Magistrate Judge ordered Respondent to "file a response" to the habeas petition by August 18, 2014. *See* Order Requiring Resp. to Pet. (Dkt. 5). Respondent filed a timely motion for summary judgment on August 14, 2014. (Dkt. 8). The motion was a proper response to the petition and, because Respondent asserted an affirmative defense (the statute of limitations), he was not required to address the merits of Petitioner's claims. Thus, there is no basis for the contention that Respondent's motion is an untimely or improper response to the petition.

The lack of a supporting affidavit also is not a basis for rejecting Respondent's motion. A motion for summary judgment need not be supported by affidavits. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). It may be filed with or without supporting affidavits. *Id.* at 324. The Court therefore rejects Petitioner's arguments and denies his counter motion for summary judgment.

### III.  CERTIFICATE OF APPEALABILITY

When a federal district court issues an adverse ruling on a habeas petition, the court "must issue or deny a certificate of appealability." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Reasonable jurists would not find the Court's procedural ruling debatable, nor conclude that the petition states a valid claim of the denial of a constitutional right. Accordingly, Petitioner is denied a certificate of appealability. The Court similarly denies Petitioner leave to appeal *in forma pauperis*, because an appeal would be frivolous. *See Allen v. Stovall*, 156 F. Supp.2d 791, 798 (E.D. Mich. 2001).

### IV. CONCLUSION

Based upon the foregoing, it is **ORDERED** that Respondent's Motion for Summary Judgment and Dismissal of the Habeas Petition (Dkt. 8) is **GRANTED** and the Petitions for a Writ of Habeas Corpus (Dkt. 1 and Dkt. 11) are **DISMISSED** with prejudice.

It is further **ORDERED** that Petitioner's Counter Motion for Summary

Judgment (Dkt. 13) is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED**, and Petitioner is **DENIED** leave to appeal *in forma pauperis*.

|  |  |
|---|---|
|  | S/Terrence G. Berg |
|  | TERRENCE G. BERG |
| Dated: January 20, 2015 | UNITED STATES DISTRICT JUDGE |

CERTIFICATE OF SERVICE

Copies of this Order were served upon parties of record on
January 20, 2015, by electronic and/or ordinary mail.

/s/ A. Chubb
Case Manager